UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 10-66172

GEORGE SHAMOUN, JR.,  Chapter 11
MELINDA SHAMOUN,  (Jointly Administered)[1]
 Judge Thomas J. Tucker
        Debtors.
_____/

**ORDER REQUIRING DEBTORS TO AMEND DISCLOSURE STATEMENT**

On May 16, 2011, Debtors filed an amended plan and disclosure statement, in a document entitled "Proposed Third Amended Combined Plan and Third Amended Disclosure Statement of Jointly Administered Affiliated Cases" (Docket # 124). The Court cannot grant preliminary approval of the disclosure statement contained within this document ("Disclosure Statement"). The Court notes the following problems, which Debtors must correct.

First, in Paragraph 3.6 of the Plan on page 7, Debtors must correct a typographical error by changing "$3.482.33" to "3,482.33."

Second, Paragraph 3.7 of the Plan on pages 7-8 is unclear. It appears from the language in Paragraph 3.7 that Matco Tools sold tools to Debtor GGS Investment, Inc. ("GGS"), which GGS uses at 15631 Plymouth, Detroit, MI 48227, and that Matco Tools holds a security interest in such tools to guarantee GGS's repayment of the purchase price for the tools. It also appears that GGS entered into a purchase/financing agreement with Matco Tools regarding the tools, which requires GGS to make monthly payments toward the purchase price for a certain period of time at a certain rate of interest. It also appears that the total amount of the claim of Matco Tools

---

[1] This case is being jointly administered with the case of *In re GGS Investments*, *Inc.*, Case No. 10-75027.

under the sales/financing agreement is $2,684.22. It appears that because Debtors allege that the value of the collateral is only $1,200.00, Debtors propose to treat the $1,200.00 secured portion of the claim of Matco Tools under Class 7, and the $1,484.22 deficiency claim of Matco Tools under Class 9 (general unsecured claims).

If all of the above is correct, Debtors must state all of the above in Paragraph 3.7. Debtors also must clearly state how Debtors are going to treat the secured portion of the claim of Matco Tool under Class 7. Currently, the treatment of the claim is unclear. Debtors state that "the total monthly **fee** to be paid [by GGS] is $147.33, which will begin with seven (7) days of the confirmed Plan." (Emphasis added). If Debtors are making payments on the secured portion of the claim of Matco Tools, "fee" should be replaced "payment." Debtors also must state when the monthly payments will end.

Paragraph 3.7 also states that "Debtor GGS Investment will pay 0% interest and will pay monthly payments of $20.00 a month starting thirty (30) days after the confirmation of the plan." It is unclear whether this $20.00 monthly payment is in addition to the $147.33 monthly payment or is included in the $147.33 monthly payment; what the $20.00 payment is for; and why it is listed separately from the monthly payment of $147.33. Debtors also do not state when the monthly payments of $20.00 will end. Debtors must provide all of this information.

Finally, the reference in Paragraph 3.7 to "usage agreement" as opposed to "sales/financing agreement" is confusing in the context of the other information provided in this paragraph. The phrase "usage agreement" is unclear, and may imply a lease between Matco Tools and GGS rather than a sale agreement. Debtors must replace "usage agreement" with "sales/financing agreement" if Debtors contend that Matco Tools has a claim based on a sales

contract rather than a lease.

Accordingly,

IT IS ORDERED that no later than **May 24, 2011**, Debtors must file an amended combined plan and disclosure statement which corrects the above stated problems.

IT IS FURTHER ORDERED that Debtors also must provide to Judge's chambers, no later than **May 24, 2011**, a redlined version of the amended combined plan and disclosure statement, showing the changes Debtors have made to Debtors' "Proposed Third Amended Combined Plan and Third Amended Disclosure Statement of Jointly Administered Affiliated Cases" (Docket # 124), filed May 16, 2011. Debtors must submit this redlined document to chambers electronically, through the Court's order submission program.

**Signed on May 20, 2011**          /s/ **Thomas J. Tucker**
         **Thomas J. Tucker**
         **United States Bankruptcy Judge**